UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br>Plaintiff,<br><br>v.<br><br>**DAWN J. BENNETT, BRADLEY C. MASCHO, and DJB HOLDINGS, LLC,**<br>Defendants. | **Civil Action No. 17-cv-02453-PX**<br><br>**Jury Demand** |

**JOINT STATUS REPORT OF PLAINTIFF SECURITIES AND EXCHANGE COMMISSION AND DEFENDANT BRADLEY C. MASCHO**

Pursuant to the Court's August 29, 2019 Order directing the parties to file a Joint Status Report by September 30, 2019 (Dkt. No. 16), Plaintiff Securities and Exchange Commission ("Commission") and Defendant Bradley C. Mascho ("Mascho") hereby submit this Joint Status Report to advise the Court as to whether or not the stay currently in place should be lifted in light of the judgment of conviction issued in the parallel criminal proceeding, *United States v. Dawn J. Bennett and Bradley C. Mascho*, Criminal No. 8:17-cr-00472-PX (D. Md.) ("Criminal Action"). The position of the Commission and Mascho is set forth below. The Commission separately addresses the status of the civil case as to Defendant Dawn J. Bennett.[1]

1.      On December 1, 2017,[2] the Commission filed an amended complaint against Dawn J. Bennett ("Bennett"), DJB Holdings, LLC ("DJBennett"), and Mascho (collectively,

---

[1] The Commission was unable to confer with defendant Bennett who is incarcerated Chesapeake Detention Facility in Baltimore and has no known attorney representing her in the Commission's civil case.

[2] The Commission filed its original complaint against Defendants on August 25, 2017.

"Defendants") in connection with the unregistered offer and sale of convertible and promissory notes issued by DJBennett, a retail sports apparel business owned by Bennett. (Dkt No. 5). The amended complaint charged Defendants with violations of Sections 5(a) and 5(c) of the Securities Act of 1933 ("Securities Act"), defendants Bennett and DJBennett with violations of Section 17(a) of the Securities Act and Section 10(b) of the Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 thereunder, and defendant Mascho with aiding and abetting the same.

2. On December 13, 2017, the United States Attorney's Office for the District of Maryland ("USAO") filed a motion to stay the Commission's civil proceedings until the resolution of the Criminal Action. (Dkt. No. 10). The Court granted that motion on January 8, 2018. (Dkt. No. 14).

### Status as to Defendant Mascho

3. Mascho pleaded guilty to a superseding information in the Criminal Action and was sentenced on August 28, 2019. (Crim. Dkt. Nos. 259, 507).

4. Since the resolution of the Criminal Action, the Commission staff has engaged in meaningful settlement discussions with Mascho, and has reached a settlement with Mascho in principle.

5. As a matter of law, the Commission staff does not have the authority to bind the Commission to a settlement, but rather must present the settlement recommendation to certain Offices and Divisions within the Commission for review and comment before presenting the settlement recommendation to the Commission for review, consideration, and a vote.

6. The Commission staff and Mascho respectfully request that the stay remain in place for a period of 70 days in order to allow the Commission staff sufficient time to finalize the

terms of the proposed settlement and present the proposed settlement to the Commission for consideration and approval.

7. If the Commission approves the proposed settlement, the Commission staff will file all necessary settlement papers on or before December 9, 2019, or alternatively will notify the Court and request that the case be restored to the active docket.

### Status as to Defendant Bennett

8. Bennett was convicted after a ten-day jury trial and was sentenced on July 31, 2019. (Crim. Dkt. Nos. 386, 491). Bennett is appealing her conviction and sentence. (Crim. Dkt. No. 499).

9. Defendant Bennett is currently incarcerated at the Chesapeake Detention Facility in Baltimore and has no known attorney representing her in connection with the Commission's civil case. Therefore, the Commission staff has been unable to discuss the possibility of a settlement with Bennett.

10. If no settlement with Bennett can be reached, the Commission staff intends to move for summary judgment on its civil claims based on Bennett's criminal conviction and the doctrine of collateral estoppel.

11. Commission staff respectfully requests that it be afforded until January 31, 2020 to explore the possibility of settlement with defendant Bennett, or, in the alternative, to file its motion for summary judgment, unless the Court directs the stay to remain in effect until there is a resolution to Bennett's substantive appeal.

        Respectfully submitted,

        /s/ Karen M. Klotz
        Jennifer Chun Barry
        Karen M. Klotz
        Email:  KlotzK@sec.gov
        *Attorney for Plaintiff*
        *Securities and Exchange Commission*

        /s/ Stuart A. Berman
        Stuart A. Berman, Esquire
        Lerch, Early & Brewer, Chtd.
        7600 Wisconsin Avenue, Suite 700
        Bethesda, Maryland 20814
        *Counsel for defendant Bradley C. Mascho*

Dated:  September 30, 2019.

CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of September 2019, I caused a true and correct copy of the foregoing Joint Status Report to be served via ECF and U.S. Mail upon the following:

>Stuart A. Berman, Esquire
>Lerch, Early & Brewer, Chtd.
>7600 Wisconsin Avenue, Suite 700
>Bethesda, Maryland 20814
>saberman@lerchearly.com
>*Counsel for defendant Bradley C. Mascho*
>(*Via ECF and email*)

>Ms. Dawn J. Bennett
>Register Number: 92603-051
>Chesapeake Detention Facility
>401 East Madison Street
>Baltimore, Maryland 21202
>(*Via U.S. Mail*)