IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

No.8:17-CV-2453-PX

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>  Plaintiff,<br><br>v.<br><br>DAWN J. BENNETT,<br>BRADLEY C. MASCHO, and<br>DJB HOLDINGS, LLC,<br>d/b/a DJBennett and DJBennett.com,<br>  Defendants. | **MOTION TO EXTEND STAY OF PROCEEDINGS PENDING DISPOSITION OF DIRECT APPEAL IN CRIMINAL CASE, FOURTH CIR. NO. 19-4599** |

Dawn J. Bennett, through undersigned counsel[1], respectfully requests the stay in this case, previously entered on January 8, 2018, and extended on October 3, 2019, be extended until the disposition of Ms. Bennett's pending direct appeal of her conviction and sentence in the criminal case, Fourth Circuit No. 19-4599.  Karen Klotz, who represents the Securities and Exchange Commission in this matter, has been contacted and states that the Commission takes no position on Ms. Bennett's motion.  In support, Ms. Bennett presents as follows:

1. In 2017, Ms. Bennett was indicted in the District of Maryland for one count of conspiracy to commit securities fraud, in violation of 18 U.S.C. § 371; four counts of securities fraud, in violation of 15 U.S.C. §§ 78j(b) and 78ff; one count of wire fraud conspiracy, in violation of 18 U.S.C. § 1349; nine counts of wire fraud, in violation of 18 U.S.C. § 1343; one count of bank fraud, in violation of 18 U.S.C. § 1344; and one count of false statements on a loan application, in violation of 18 U.S.C. § 1014.  Ms.

---

[1] The undersigned has been appointed to handle Ms. Bennett's appeal in her criminal case, Fourth Cir. No. 19-4599, and has entered a limited special appearance in this matter solely to seek a stay of this civil proceeding to protect Ms. Bennett's interests in the criminal appeal.

Bennett was convicted on all counts after a jury trial, but is pursuing an appeal of both her conviction and sentence. *United States v. Dawn J. Bennett*, No. 19-4599 (docketed Aug. 20, 2019).

2. Also in 2017, the Securities and Exchange Commission filed this civil action against Ms. Bennett and DJB Holdings, LLC, d/b/a DJBennett and DJBennett.com. (ECF 1).

3. As described in the Government's application to stay these proceedings pending disposition of the criminal case, filed on December 13, 2017, "[t]he [alleged] facts underlying the civil and criminal cases overlap in critical ways." (ECF 10). "Both the criminal case and the SEC's case focus on Bennett's activities with respect to DJB Holdings, LLC and DJBennett.com during the time period December 2014 through July 2017." *Id.* at 5.

4. As the Government noted in its previous application, this Court has the discretionary authority to stay a case if the interests of justice so require. " '[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.' " *Maryland v. Universal Elections, Inc.*, 729 F.3d 370, 379 (4th Cir. 2013) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

5. Here, Ms. Bennett's pending appeal will raise challenges both to her conviction and sentence that could result in a new trial or new sentencing proceeding. A criminal case pending on direct appeal thus is "not yet final." *Henderson v. United States*, 568 U.S. 266, 277 (2013).

6. "When a party to a civil action is subject to criminal proceedings and/or investigations that relate to such civil action, courts will often stay the civil

proceeding so as to prevent the use of civil discovery and evidentiary procedures to obtain evidence for use in the criminal matter." *Eastwood v. United States*, No. 2:06-CV-164, 2008 WL 5412857 (E.D. Tenn. Nov. 14, 2008) (citing *Campbell v. Eastland*, 307 F.2d 479, 488 (5th Cir. 1962)).

7. Courts have explained that allowing a civil proceeding to proceed while a criminal prosecution is still pending raises significant concerns under both the Fourth and Fifth Amendments.

8. With respect to the Fifth Amendment, "the noncriminal proceeding, if not deferred, might undermine the party's Fifth Amendment privilege against self-incrimination, expand rights of criminal discovery beyond the limits of Federal Rule of Criminal Procedure 16(b), expose the basis of the defense to the prosecution in advance of criminal trial, or otherwise prejudice the case." *United States v. Certain Real Prop. And Premises Known as 1344 Ridge Rd., Laurel Hollow, Syosset, N.Y.*, 751 F. Supp. 1060, 1062 (E.D.N.Y. 1989).

9. Allowing a civil proceeding to go forward would also implicate the party's Fourth Amendment right to be free from unreasonable searches and seizures of sensitive, private information. *See Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962) ("A litigant should not be allowed to make use of the liberal discovery procedures applicable to a civil suit as a dodge to avoid the restrictions on criminal discovery and thereby obtain documents he would not otherwise be entitled to for use in his criminal suit.").

10. For these reasons, "[j]udicial discretion and procedural flexibility should be utilized to harmonize the conflicting rules and to prevent the rules and policies applicable to

one suit from doing violence to those pertaining to the other." *Campbell*, 307 F.2d at 487.

11. Karen Klotz, who represents the Securities and Exchange Commission, has been contacted and states that the Commission takes no position on this motion. This lack of position suggests that the Commission will not be prejudiced by a limited extension of the stay in this case.

Ms. Bennett respectfully requests this Court extend the stay it previously entered on January 8, 2018, and extended on October 3, 2019, to allow Ms. Bennett to exhaust her direct appeal rights before answering the allegations in this civil matter.

Respectfully submitted this 4th day of February, 2020.

G. ALAN DUBOIS
Federal Public Defender

*/s/ Jaclyn L. DiLauro*
JACLYN L. DILAURO
Assistant Federal Public Defender
Office of the Federal Public Defender
Eastern District of North Carolina
150 Fayetteville Street, Suite 450
Raleigh, North Carolina 27601
Telephone: 919-856-4236
Fax: 919-856-4477
E-mail: Jackie_DiLauro@fd.org

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served upon counsel of record by electronically filing the foregoing with the Clerk of Court on February 4, 2020.

This the 4th day of February, 2020.

/s/ Jaclyn L. DiLauro
Jaclyn L. DiLauro
Assistant Federal Public Defender
Eastern District of North Carolina
