IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| SECURITIES EXCHANGE COMMISSION, | * | |
| Plaintiff, | * | |
| v. | * | Civ. Action No. 8:17-cv-2453-PX |
| DAWN J. BENNETT, *et al.*, | * | |
| Defendants. | * | |
|  | * | |
|  | *** | |

## MEMORANDUM OPINION

Pending before the Court are Defendant's Dawn J. Bennett's ("Bennett's" or "Defendant's") Motions for Appointment of Counsel. ECF Nos. 33 & 40. The Court finds no hearing is necessary. *See* Loc. R. 105.6. For the following reasons, the Court DENIES Defendant's motions and resets the deadline by when Defendants Bennett and DJB Holdings, LLC ("DJBennett") must answer the complaint, as well as the briefing deadlines for the Securities and Exchange Commission's motion. ECF Nos. 33 & 40.

**I.    Background**

On December 1, 2017, the Securities Exchange Commission ("Commission") filed an Amended Complaint against Bennett and DJBennett (collectively, "Defendants"), and Bradley C. Mascho ("Mascho") in connection with a fraudulent offering of convertible and promissory notes issued by DJBennett, a retail sports apparel business owned by Bennett. ECF No. 5. The Amended Complaint asserts that Defendants violated Sections 5(a) and 5(c) of the Securities Act of 1933 ("Securities Act"), Section 17(a) of the Securities Act, and Section 10(b) of the Exchange Act of 1934 and Rule 10b-5 thereunder. *See id.*

On January 8, 2018, this Court stayed this case pending the resolution of the parallel

criminal action against Bennett.[1]  *See* ECF Nos. 10 & 14; *United States v. Dawn J. Bennett*, No. PX-17-0472 (D. Md.) ("Criminal Action").  Bennett was convicted of conspiracy to commit securities fraud, in violation of 18 U.S.C. § 371, and securities fraud, in violation of 15 U.S.C. §§ 78j(b) and 78ff(a), among other offenses, and was sentenced to 240 months in prison on July 31, 2019.  *See Criminal Action*, ECF Nos. 386, 491 & 493.  The Fourth Circuit affirmed Bennett's conviction and sentence on January 21, 2021.  *See id.*, ECF No. 554.  Thereafter, this Court lifted the stay in this case.  ECF No. 32.   The Commission next filed its motion for summary judgment in its favor.  ECF No. 38.  Bennett now asks this Court to appoint *pro bono* counsel to represent her so that she may respond to the Commission's motion.  ECF Nos. 33 & 40.

**II.     Discussion**

The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1).  "Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel." *S.E.C. v. Penn*, No. VEC-14-0581, 2017 WL 5508779, at *1 (S.D.N.Y. Jan. 24, 2017) (citation omitted); *see also Turner v. Rogers*, 564 U.S. 431, 441 (2011); *Geter v. Taharra*, 429 Fed. Appx. 265, 266 (4th Cir. 2011) ("[T]here is no right to appointment of counsel in a civil case[.]"); *Green v. Porter*, 80 Fed. Appx. 294, 295 (4th Cir. 2003) (*per curiam*) ("Civil litigants have no protected right to counsel[.]").  Courts retain broad discretion when deciding whether to appoint counsel in civil matters.  *See Penn*, 2017 WL 5508779, at *1 (quotation omitted); *see also Footes v. Bishop*, No. PX-17-1192, 2018 WL 2933757, at *4 (D. Md. June 12, 2018).  Even where a court believes a litigant should have *pro bono* counsel, the Court cannot appoint counsel or make

---

[1] By this point, Defendant Mascho had pleaded guilty and been sentenced by this Court.  Mascho has also entered a consent judgment with the Commission in this case and is no longer involved in this litigation.  ECF Nos. 21 & 23.

funds available; it can only "request that an attorney volunteer to represent a litigant." *Penn*, 2017 WL 5508779, at *1 (quoting *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–310 (1989)).

Accordingly, "it is well settled that in civil actions, the appointment of counsel should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975); *see also Evans v. Kuplinski*, 713 Fed. Appx. 167, 170 (4th Cir. 2017). "Whether a civil case warrants the appointment of counsel depends on the characteristics of the claim and the litigant." *Rollakanti v. Holy Cross Hosp.*, No. PX-16-2914, 2017 WL 4457771, at *1 (D. Md. Feb. 6, 2017) (citation omitted); *see also O'Brien v. Summerfield*, No. ELH-11-2346, 2012 WL 6930318, at *1 (D. Md. Feb. 21, 2012), *aff'd*, 475 Fed. Appx. 927 (4th Cir. 2012). Exceptional circumstances exist where a "pro se litigant has a colorable claim but lacks the capacity to present it." *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard*, 490 U.S. at 298. Courts may also consider "plaintiff's financial ability to retain an attorney, the efforts of the plaintiff to retain counsel, and the merits of the case." *Rollakanti*, 2017 WL 4457771, at *1 (citing *Scott v. Health Net Fed. Servs., LLC*, 463 Fed. Appx. 206, 209 (4th Cir. 2012)).

The Court must deny Bennett's request. First, Bennett has not filed a proper motion to proceed *in forma pauperis* as 28 U.S.C. § 1915 requires. *See id.* at *1 n.1; *see also Penn*, 2017 WL 5508779, at *1 ("[T]he litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed in forma pauperis."). But even if she had, Bennett has demonstrated the "wherewithal to either articulate the . . . basis" of her defense or to "secure meaningful assistance in doing so." *Footes*, 2018 WL 2933757, at *4; *see also* ECF Nos. 33 & 40. Additionally, her "remaining defenses are not likely to be of substance." *Penn*, 2017 WL 5508779, at *2 (quotation omitted). The Commission has moved for summary judgment on the

narrow question of whether Bennett's criminal conviction precludes re-litigation of her liability under the securities laws; further, the Commission does not seek additional damages beyond what this Court has already ordered Bennett to pay as restitution in her criminal case.  *See* ECF No. 38-2; *cf. Penn*, 2017 WL 5508779, at *2 (noting civil cases "follows a parallel criminal proceeding" and thus the "crucial facts" have already been established and "complexity" of remaining issues is likely "limited").  Thus, pro bono civil representation "would not lead to a quicker and more just result by sharpening the issues and shaping examination." *Penn*, 2017 WL 5508779, at *2 (quotation omitted).  For these reasons, the Court finds no exceptional circumstances exist, at least at this stage, to warrant pro bono appointment pursuant to § 1915(e)(1).  28 U.S.C. § 1915(e)(1).

### III.   Conclusion

For the foregoing reasons, Bennett's motions are DENIED.  ECF Nos. 33 & 40.  A separate Order follows in which the Court **resets** the deadlines for Bennett's answer to the Amended Complaint, her response to the Commission's motion for summary judgment, and the Commission's reply.

| | |
|---|---|
| 9/27/2021 | /s/ |
| Date | Paula Xinis |
| | United States District Judge |