IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | * * * | |
| Plaintiff, | * * | |
| v. | * * | Civil Action No. 8:17-cv-02453-PX |
| DAWN J. BENNETT, BRADLEY MASCHO, and DJB HOLDINGS, LLC, | * * * | |
| Defendant. | * *** | |

# ORDER

For the reasons stated in the foregoing Memorandum Opinion, it is this 28th day of January 2022, by the United States District Court for the District of Maryland, ORDERED that:

1. Plaintiff's Motion for Summary Judgment (ECF No. 38) is hereby GRANTED;

2. Defendants Dawn J. Bennett and DJB Holdings, LLC are permanently restrained and enjoined from violating, directly or indirectly, § 10(b) of the Securities Exchange Act of 1934 ("the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

   a. to employ any device, scheme, or artifice to defraud;

   b. to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

   c. to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

3. As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph (2) also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a);

4. Defendants Dawn J. Bennett and DJB Holdings, LLC are permanently enjoined from violating § 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a) in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by the use of mails, directly or indirectly:

    a. to employ any device, scheme or artifice to defraud;

    b. to obtain money or property by means of any untrue statement of a materials fact or any omission of a material fact necessary to make the statements made, in light of the circumstances under which they were made, not misleading; or

    c. to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

5. As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph (4) also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a);

6. Defendants Dawn J. Bennett and DJB Holdings, LLC are permanently restrained and enjoined from violating § 5 of the Securities Act, 15 U.S.C. § 77e, by directly or indirectly, in the absence of any applicable exemption:

   a. Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

   b. Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

   c. Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the SEC as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h;

7. As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph (6) also binds the following who receive actual notice of this Judgment by personal service or otherwise:  (a) Defendants' officers, agents, servants,

employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a);

8. Defendants are liable, jointly and severally, for disgorgement in the amount of $14,504,290.00, representing net profits gained as a result of the conduct alleged in the Amended Complaint;

9. Defendants' disgorgement obligation of $14,504,290.00 is deemed satisfied by the Order of Restitution in the parallel criminal case, *United States v. Bennett, et al.*, No. 3:17-cr-00472-PX (D. Md.); and

10. The Clerk shall TRANSMIT copies of this Memorandum Opinion and Order to counsel for Plaintiff, MAIL a copy to Defendant Dawn Bennett J. Bennett, and CLOSE this case.

January 28, 2022  
Date

         /s/
Paula Xinis  
United States District Judge